(35 Misc. Rep. 283.)

TYNG et al. v. CONSTABLE et al.

(Supreme Court, Appellate Term. June, 1901.)

BROKER—RIGHT TO COMMISSION.
    Where brokers employed to rent certain property are unable to make a contract between the owners thereof and a proposed tenant, they are entitled to no commission, where a third party subsequently induces the landlord to lower his rent, and lease the premises to such proposed tenant.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Stephen H. Tyng and others against Frederick A. Constable and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Stedman & Larkin, for appellants.

Oppenheim & Severance, for respondents.

PER CURIAM. Action for brokers' commissions in leasing real estate. It was stipulated upon the trial that the plaintiffs were employed as brokers to procure a tenant for the premises. It appeared that they did procure a person who was willing to make a lease. The negotiations were conducted in writing, and consisted of various propositions and counter propositions, culminating in two letters, dated, respectively, July 27th and July 28th. In the first the plaintiffs said to defendants: "We have advised our client of your refusal of his offer, as per our letter of the 25th instant. He now instructs us before dropping the matter to make you a final offer for the lease, as follows." Then follow the proposed terms, and the letter concludes thus: "We would ask you to let us know at once if you accept offer." To this the defendants at once replied that the best they could say for the premises was a certain rental, in excess of that offered by the plaintiffs. The negotiations between the plaintiffs and the defendants stopped here, and, so far as appears, they had no further communication touching the proposed leasing of the property. It is obvious that up to this point they had not entitled themselves to a commission, and, from the positive terms in which their last letter to defendants was couched, the latter were fully justified in believing that the negotiation was at an end. The proposed tenant was abroad when these letters were written. About a month afterwards he returned, and one of the plaintiffs went with him to see the premises in question, showed him the defendants' letter of July 28th, and told him that it would be of no use to submit any further proposition at a less figure than that named by the defendants. The plaintiffs seem to have taken no further steps looking to effecting a lease of these premises, but began negotiations for other premises for their client. Shortly after another broker approached the prospective tenant, and effected a lease to him at a less figure than that which the defendants had fixed in July as the least they would accept. There is nothing in the evidence to show that the efforts of the plaintiffs to make the lease were in any sense a procuring cause of the lease that was actually made. All that can be said is that the defendants changed their minds between July 28th and September 15th as to the rent they would demand for the property. This they had an absolute right to do. The result is unfortunate for the plaintiffs, but it is owing to their own lack of persistency. It is probable that if they had reopened negotiations after the tenant returned, in September, they might have been able to effect a lease, but by this time they had abandoned the effort. They never succeeded in bringing the minds of the parties together, and therefore never earned a commission.

Judgment affirmed, with costs.